UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.

LAZARO GORRIN,

      Plaintiff,

v.

HOLIDAY CVS, LLC

      Defendant.
_____/

# COMPLAINT

Plaintiff, Lazaro Gorrin, by and through his undersigned attorney, files this Complaint against Defendant, CVS, stating as follows:

## PARTIES, VENUE, AND JURISDICTION

1. This is an action to recover unpaid overtime wages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et. seq, (hereinafter "FLSA").

2. The court has jurisdiction based on 29 U.S.C. §216(b).

3. Defendant, CVS, operates a national chain of stores and pharmacies but this Complaint concerns Store #10969 on Miami Beach. By way of operating this business, Defendant is engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

4. Defendant has two or more employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

5. Upon information and belief, Defendant exceeds the $500,000 annual gross revenue

threshold needed to be covered under the FLSA.

6. Plaintiff was an employee of Defendant. He was employed as Shift Training Supervisor. In this capacity, Plaintiff was responsible for the store at all times including other employees. He also helped open and close the restaurant each morning and night.

7. At all times material, Plaintiff was and is a resident of Miami-Dade County, FL.

8. This Court has jurisdiction over Defendant because they engaged in substantial business activity within the District, Plaintiff was employed in the District, and all of the allegations in this Complaint occurred in the District.

9. Venue is proper due to the unlawful employment practices alleged occurring in Miami-Dade County.

**FACTS**

10. Plaintiff was employed with Defendant beginning July 2021 as an Shift Training Supervisor. His responsibilities include filling in the gaps in service when needed, cleaning, and to be responsible for the store, its customers, and employees. His employment ended October 18, 2022.

11. During his time with the company, Plaintiff has been making $18.45 per hour. This translates to an overtime rate of $27.68 per hour.

12. As an hourly employee, Plaintiff cannot be exempt from the overtime laws of the FLSA.

13. Plaintiff was regularly scheduled to work 40 hours per week. As a 24 hour store, this schedule often included working at night approximately 3 times per week.

14. When Plaintiff had to officially work more than 40 hours per week, he was paid overtime properly. However, this does not include the extra unofficial hours in which Plaintiff had to continue working. These unofficial hours include not being allowed to leave the store

for lunch breaks and receiving text messages and phone calls outside of working hours.

15. During the night shift, there was regularly only one managerial employee, like Plaintiff, scheduled to work. Because of this shortage, the manager scheduled at that time was not allowed to leave the store. It is company policy to have a manager on premises at all times. Plaintiff would be scheduled to work 8.5 to 10 hours per shift with a lunch break. This 30 minutes to 1 hour per shift was not compensated.

16. Because Plaintiff was not allowed to leave the store during his time off for lunch, this time must be compensated. Further, Plaintiff was expected to be at the ready to go back on the floor during this time to fulfill any managerial duties needed. He was given a radio in which he could always be contacted during this time.

17. Also as a manager, he had to be aware of events that happened at the store even when he was not there. This caused him to receive text messages and phone calls at times in which he was not on the clock at work.

18. Plaintiff estimates that between lunch breaks and phone calls and text messages, he regularly worked approximately 5 hours per week that was not compensated. Because he was already working 40 hours per week, this comes to 5 hours of unpaid overtime per week.

19. Defendants kept track of Plaintiff's hours using a punch clock. However, he was forced to punch out during his lunch break and was not able to punch in and out away from the store to read, think about, and respond to calls and messages.

20. Plaintiff was regularly made to work in excess of 40 hours per week even if he was not regularly scheduled to work more than 40 hours per week. Each of his hours worked but not paid in excess of 40 hours requires overtime premium pay.

21. Plaintiff was not given appropriate additional compensation for his extra hours of work.

22. Plaintiff's estimated owed overtime comes to $9,271.13  This is calculated at a rate of $27.675 per hour for 5 hours per week over 67 weeks.

23. Defendant knowingly and willfully failed to pay Plaintiff his lawfully earned wages in compliance with the FLSA and is liable for monetary damages.  Defendant is aware of its staffing and policy to always have managers.  Not paying Plaintiff for time required to be at the store is both foreseeable and avoidable.  Also, Defendant should be aware that any time working by hourly employees is compensable including phone calls and text messages.

24. In determining payment policies, specifically not paying all hours worked by Plaintiff, Defendant did not consult an attorney.

25. In determining payment policies, specifically not paying all hours worked by Plaintiff, Defendant did not consult an accountant.

26. In failing to confer with a professional such as an attorney or an accountant, Defendant has shown that they have willfully disregarded the FLSA.  Plaintiff is thus entitled to a 3 year statute of limitations.

27. As Plaintiff was an hourly employee, there can be no grounds that Defendant acted in good faith by failing to pay overtime.  Therefore, Plaintiff should be entitled to liquidated damages.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 (FAILURE TO PAY OVERTIME)

28. Plaintiff repeats and realleges Paragraphs 1 through 27 as if fully set forth herein.

29. At all times relevant, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning

of the FLSA.

30. During his employment, Plaintiff worked in excess of forty (40) hours per week for which he was not compensated at the statutory rate of 1.5x his regular rate of pay for all of those hours worked.

31. Plaintiff was entitled to be paid at the rate of 1.5x his regular rate of pay for all hours worked in excess of the maximum hours (40 hours) worked per week.

32. Defendant failed to pay overtime wages to Plaintiff for hours worked in excess of forty hours per week.

33. By failing to compensate Plaintiff at a rate of not less than 1.5x his regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and §215(a).

34. Should it be discovered that Defendant failed to record, report, and/or preserve records of hours worked by Plaintiff, Defendant will have failed in its duty as an employer prescribed under the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 211(c) and § 215(a).

35. Defendant's conduct is a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

36. Defendant owes the Plaintiff for the hours worked in excess of 40 hours in a workweek at a rate of not less than 1.5x his regular rate of pay for each of those hours.

37. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

38. Due to Defendant's willful disregard of the FLSA and a lack of good faith in applying the FLSA, Plaintiff is entitled to liquidated damages and a 3 year statute of limitations.

39. Defendant knowingly and willfully failed to pay Plaintiff 1.5x his regular rate of pay for all hours worked in excess of forty (40) per week.  Accordingly, Plaintiff has suffered

damages for unpaid overtime wages, plus an equal amount in liquidated damages, costs and reasonable attorneys' fees.

WHEREFORE, Plaintiff, Lazaro Gorrin, respectfully requests that judgment be entered in his favor against Defendant as follows:

A. Declaring that Defendant violated the overtime provisions of 29 U.S.C. § 207;

B. Awarding Plaintiff overtime compensation;

C. Awarding Plaintiff liquidated damages;

D. Awarding Plaintiff reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

E. Awarding Plaintiff post-judgment interest; and

F. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: 2/14/2022

Respectfully submitted,

  /s/ R. Edward Rosenberg  
R. Edward Rosenberg, Esquire
Fla. Bar No.: 88231
Sorondo Rosenberg Legal PA
1825 Ponce de Leon Blvd. #329
Coral Gables, FL 33134
E: rer@sorondorosenberg.com
T: 786.708.7550
F: 786.204.0844

Attorney for Plaintiff